**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DENEEN SELBY,

      Plaintiff,

v.                                        Case No. 3:09-cv-121-J-34JRK

CHRISTIAN NICHOLAS & ASSOCIATES, INC.,

      Defendant.

## **O R D E R**[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default Judgment (Doc. No. 11; Motion) filed on August 20, 2009.[2] On September 21, 2009, the Court entered an order directing Defendant to file a response to the Motion on or before October 8, 2009, or the Court would treat the Motion as unopposed. See September 21, 2009 Order (Doc. No. 12) at 1. Defendant did not file a response within the time permitted, nor has it filed a response as of the date of the instant Order. Accordingly, having given Defendant adequate time to respond, the Motion is due to be resolved.

**I.**     **Procedural History**

On April 22, 2009, Plaintiff filed her First Amended Complaint (Doc. No. 4; Amended Complaint) against Christian Nicholas & Associates, Inc., asserting a one-count claim for

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

[2] Plaintiff served the Motion on August 20, 2009. See Motion at 5. Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida, a response was required to be served and filed on or before September 8, 2009.

various violations of the Fair Debt Collection Practices Act (FDCPA). See Amended Complaint at 3-5. In the Amended Complaint, Plaintiff asserts that Defendant, a debt collection company, has repeatedly acted improperly in attempting to collect a debt allegedly owed by Plaintiff. See id. at 2-5. Plaintiff requests an award of actual damages, statutory damages under the FDCPA, and attorney's fees and costs, as well as a declaration that Defendant violated the FDCPA and any other relief deemed appropriate by the Court. See id. at 5.

On April 30, 2009, Plaintiff effected service of process on Defendant. See Return of Service (Doc. No. 5). Nevertheless, to date, Defendant has not filed an answer or otherwise appeared in this case. Accordingly, the Clerk of the Court entered a Clerk's Default on June 24, 2009. See Plaintiff's Motion for Entry of Default and Declaration in Support Thereof (Doc. No. 6; Motion for Clerk's Default); Entry of Default (Doc. No. 7). Plaintiff now seeks entry of a final default judgment against Defendant in the amount of $5,669.00, which includes $1,000.00 in statutory damages, $3,712.00 in attorney's fees, $207.00 in costs, and $750.00 in anticipated collection fees and costs. See Motion at 1.

## II. Standard of Review

Rule 55, Federal Rules of Civil Procedure, sets forth the requirements for entry of a default judgment. A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir. 1986). While all well-pled allegations of fact are deemed admitted upon entry of default, before entering a default judgment the Court must ensure that it has jurisdiction

over the claims and that the complaint adequately states a claim for which relief may be granted. See Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[3] See also GMAC Commercial Mortgage Corp. v. Maitland Hotel Assocs, Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted). In addition, a court must consider whether an evidentiary hearing on the question of damages is warranted. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable mathematic calculation." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979); See also SEC v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005). However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary. See Smyth, 420 F.3d at 1232 n.13.

**III**.    **Discussion**

    **A.    Liability**

This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d), which provides that an "action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy . . . ." See also 28 U.S.C. § 1331. Thus, the Court turns to the question of whether the Amended Complaint adequately states a claim for violation of the FDCPA. In the Amended Complaint, Plaintiff alleges that she is the object of collection activity arising from consumer

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

-3-

debt, and that Defendant is a debt collector as defined by the FDCPA. <u>See</u> Amended Complaint at 2. Additionally, Plaintiff asserts that Defendant violated the FDCPA by:

- a) contacting a third party and failing to identify itself and failing to state that a collector is confirming or correcting location information;

- b) contacting a third party and stating that Plaintiff owes a debt;

- c) contacting a third party more than once;

- d) contacting Plaintiff at an unusual time, unusual place, or time and place known to be inconvenient to Plaintiff;

- e) contacting Plaintiff after Defendant knew Plaintiff was represented by an attorney;

- f) communicating with anyone beside Plaintiff, Plaintiff's attorney, or the credit bureau concerning the debt;

- g) engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

- h) causing the telephone to ring and engaging in telephone conversations repeatedly;

- i) engaging in false, deceptive, and misleading representations and means in connection with the debt collection;

- j) falsely representing the character, amount, or legal status of a debt because Defendant attempted to collect a debt not owed by Plaintiff;

- k) threatening to take action that cannot legally be taken or is not intended to be taken;

- l) misrepresenting that Plaintiff committed a crime in order to disgrace Plaintiff;

- m) using false representations or deceptive means to collect an alleged debt;

- n) attempting to collect an amount that was not expressly authorized by the agreement allegedly creating the debt as Plaintiff does not owe the alleged debt; and

> o) failing to provide appropriate notice of the debt within five days after the initial communication.

See id. at 2-5, 7, 9-10, 12-14. Based on these allegations, the Court finds that Plaintiff has pled a cause of action for a violation of the FDCPA. See McCorriston v. L.W.T., Inc., 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008) (enumerating the elements of an FDCPA claim: Plaintiff is the object of collection activity arising from consumer debt; Defendant is a debt collector as defined by the FDCPA; Defendant has engaged in an act or omission prohibited by the FDCPA). Due to the entry of a Clerk's Default, Defendant is deemed to have admitted all well-pled allegations of fact. Thus, Plaintiff is entitled to a default judgment, and the Court will turn to the issue of damages.

### B. Damages

Although Plaintiff requested actual damages in the Amended Complaint, she has not sought an award of such damages in the Motion. See generally Motion. Instead, Plaintiff has requested statutory damages in the amount of $1,000.00.[4] See id. at 1. The FDCPA permits an award of actual damages as well as "such additional damages as the court may allow, but not exceeding $1000." See 15 U.S.C. § 1692k(a)(2)(A); Harper v. Better Bus. Servs., Inc., 961 F.2d 1561, 1563 (11th Cir. 1992) (holding that under the FDCPA $1,000.00 is the maximum amount of statutory damages allowable per action, not per violation). As Plaintiff seeks only statutory damages, the Court concludes that the record in this case is sufficient to calculate damages without an evidentiary hearing. See Smyth,

---

[4] The Court notes that the Declaration of Mathew Kiverts (Doc. No. 9-3; Kiverts Dec.) asserts that Plaintiff is entitled to $2,000.00 in statutory damages in one paragraph, but only $1,000.00 in another. See Kiverts Dec. at 1-2. The Motion, however, requests only $1,000.00. See Motion at 1.

-5-

420 F.3d at 1231-32, 1232 n.13.  Therefore, based upon the allegations of the Amended Complaint which are admitted, the Court determines that an award of statutory damages is appropriate, and the nature of Defendant's violations warrants the maximum award. Thus, Judgment is due to be entered in Plaintiff's favor in the amount of $1,000.00.

### C. Costs and Attorney's Fees

Plaintiff also requests an award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) in the amount of $4,669.00.  See Motion at 1; Kiverts Dec. at 2.  This sum consists of $3,712.00 in attorney's fees, $207.00 in costs for filing the litigation and service of process, and $750.00 in anticipated collection fees and costs.  See Motion at 1; Kiverts Dec. at 2.  In support of the request, Plaintiff's counsel has submitted an itemized list of the attorney's fees incurred in litigating this matter, see Selby, Deneen v. Christian Nicholas & Associates, Inc. Matter ID: FL0149C09RJ (Doc. No. 11-2; Hours) at 1-3, as well as the Kiverts Declaration, see Kiverts Dec. at 2.

Preliminarily, the Court notes that Plaintiff has failed to provide any authority for the proposition that an award of "anticipated collection fees and costs" is permitted under the FDCPA.  The statute itself provides for an award of "the costs of the action, together with a reasonable attorney's fee as determined by the court."   15 U.S.C. § 1692k(a)(3) (emphasis supplied).  Future, anticipated sums, which may or may not be incurred in enforcing any resulting judgment, are not part of the costs and attorney's fees incurred in enforcing liability under the FDCPA in this action.  See 15 U.S.C. § 1692k(a)(3); Middlesworth v. Oaktree Collections, Inc., No. 1:09-CV-601 OWW BAK [SMS]., 2009 WL 3720884, at *2 (E.D. Cal. Nov. 3, 2009) (denying Plaintiff's counsel's law firm $750.00 in

anticipated collection costs because 15 U.S.C. § 1692k does not provide for costs incurred in enforcing a resulting judgment); Molinar v. Coleman, Civil Action No. 3:08-CV-1430-M., 2009 WL 435274, at *3 (N.D. Tex. Feb. 20, 2009).  Accordingly, Plaintiff's request for an award of $750.00 for anticipated collection costs will be denied.

### a. Costs

The remainder of costs sought by Plaintiff, however, are allowable, taxable costs pursuant to 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1920.  See Montgomery v. Fla. First Fin. Group, Inc., No. 6:06-cv-1639-Orl-31KRS, 2008 WL 3540374, at *15 (M.D. Fla. Aug. 12, 2008) (finding costs award under 15 U.S.C. § 1692k(a)(3) to be limited to costs allowed by 28 U.S.C. § 1920, which include filing fees and private process server fees not in excess of statutory fees authorized for service by the marshal pursuant to 28 U.S.C. § 1921). Specifically, Plaintiff requests $207.00 for filing fees of the Clerk of the Court and service of process on Defendant.  See Motion at 1; Hours at 3; Kiverts Dec. at 2.  Plaintiff has not indicated the breakdown of this amount between filing fees and service of process, see generally Motion; Hours; Kiverts Dec., but the Court takes judicial notice of the fact that filing a civil action in the United States District Court for the Middle District of Florida costs $350.00, see United States District Court Middle District of Florida Schedule of Fees, and the Court docket reflects that Plaintiff paid the full filing fee, see Doc. No. 1.  Accordingly, the Court will award Plaintiff costs in the amount of $350.00, pursuant to 15 U.S.C. § 1692k(a)(3).

### b. Attorney's Fees

The Court next turns to the determination of a reasonable fee award. To calculate a reasonable attorney's fee award, the Eleventh Circuit Court of Appeals has endorsed the lodestar method.[5] See Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The lodestar method calculates a reasonable attorney's fee award by multiplying the reasonable hourly rate by the reasonable number of hours expended, resulting in the lodestar figure. See id. The lodestar may then be reduced or enhanced depending upon the results obtained and various other factors. See id. at 1302.

#### i. Hourly Rate

A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895-96 n.11, 104 S.Ct. 1541, 1547 n.11 (1984); Gaines v. Dougherty County Bd. of Educ., 775 F.2d 1565, 1571 (11th Cir. 1985)).[6] Those seeking fees "bear[] the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." Norman, 836 F.2d at 1299. Satisfactory evidence of rates may be provided in the form of direct evidence of

---

[5] The lodestar method provides an objective estimate, or "lodestar," of a reasonable attorney's fee award. See Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

[6] To aid in a court's determination of an attorney's reasonable hourly rate, it may also consider the relevant factors as set out in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). See Loranger v. Stierheim, 10 F.3d 776, 781 n.6 (11th Cir. 1994) (per curiam). The Johnson factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the degree of skill necessary to serve the client properly, (4) the attorney's inability to accept other employment because he accepted the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of damages involved and the relief or results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the attorney's professional relationship with the client, and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

rates charged by lawyers under similar circumstances or by opinion evidence. See id. Indeed, parties attempting to substantiate the reasonableness of a rate may wish to seek out testimony of other lawyers to provide a basis for the court's analysis. See id. at 1300.

Evidence of prevailing views among practitioners in the community also assists a court in its determination of the reasonableness of hours expended. See id. at 1301. However, the failure of the parties to provide sufficient evidence to support the relief requested or precise objections will not prevent a court from determining a reasonable fee. Instead, the court "may make the [fee] award based on its own experience." See id. at 1303 (citing Davis v. Bd. of Sch. Comm'rs of Mobile County, 526 F.2d 865, 868 (5th Cir. 1976)). As noted in Norman, "the court, either trial or appellate, is itself an expert on the question [of the reasonableness of fees] and may consider its own knowledge and experience . . . [in forming] an independent judgment either with or without the aid of witnesses as to value." Id. (quoting Campbell v. Green 112 F.2d 143, 144 (5th Cir. 1940) (Sibley, J.)); see also Loranger, 10 F.3d at 781-83 (expressing its continued willingness to give a court the freedom to draw from its expertise in making a final determination as to reasonableness of fees).

In this case, Plaintiff's fee request is based upon hourly rates of $394.00 per hour for Adam Krohn, $394.00 per hour for Scott Cohen, $290.00 per hour for Ryan Lee, $225.00 per hour for Adam Hill, and $125.00 per hour for paralegal services. See Hours at 3. As previously discussed, Plaintiff bears the burden of proving that these requested rates are in line with the prevailing market rates. However, Plaintiff has offered no support for such a conclusion. See generally Motion; Hours; Kiverts Dec. Instead, counsel for

Plaintiff merely introduces the schedule of fees by stating "Pursuant to the Guidelines as per the Consumer Law Attorney Fee Survey and the Experience of Plaintiff's Attorneys, Plaintiff calculates attorney's fees as follows:" Hours at 3.[7] The Court finds this representation to be insufficient to satisfy Plaintiff's burden of demonstrating the reasonableness of these hourly rates. In light of this failure, the Court will determine the applicable reasonable hourly rate based on its own experience.

Plaintiff's counsel has not specified the legal market from which they derived their hourly rates, but the Court notes that the Court's docket lists Chicago, Illinois and Los Angeles, California addresses for Plaintiff's counsel of record.[8] However, "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" ACLU of Ga. v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999). While an attorney may recover non-local rates if that attorney can demonstrate a lack of local attorneys who were willing and able to take the case, Plaintiff has not attempted to satisfy this burden. See generally Motion; Hours; Kiverts Dec. Thus, the Court finds that the Middle District of Florida is the relevant legal community, and therefore, Plaintiff's attorney's fees should be calculated based on the prevailing market rates in the Middle District of Florida.

Having identified the applicable market, the Court must next determine the prevailing market rates given the skills of the attorneys involved in this case. See Norman, 836 F.2d

---

[7] Defendant has not opposed Plaintiff's fee request, of course, as it is in default in this matter.

[8] Jeff Speigel and Matthew William Kiverts are listed as Plaintiff's counsel of record in the docket in this litigation. However, Plaintiff does not seek fees for either Mr. Speigel or Mr. Kiverts. See generally Motion. Thus, the Court is uncertain whether these, or other locations, are the markets in which Plaintiff's fee-seeking counsel practice.

at 1301. Unfortunately, Plaintiff has not provided any information regarding her attorneys' experience or their levels of expertise. The Court notes that this sort of FDCPA action is of a routine, straightforward nature. In the absence of any specific information regarding the expertise, reputation, and ability of the various attorneys who litigated this action on behalf of Plaintiff, or any other information relevant to the determination of a reasonable rate, the Court will determine an average rate to be applied to all of Plaintiff's counsel, based on the routine nature of this litigation and the Court's knowledge of the fees customarily charged in this market.

The Court finds the hourly rates requested by Plaintiff's counsel for this action to be excessive. In the Court's experience, $200.00 per hour is a reasonable hourly rate for a routine matter of this nature in the Middle District of Florida. Likewise, the Court finds Plaintiff's counsel's paralegal rates of $125.00 per hour somewhat excessive. Courts in the Middle District of Florida have determined $95.00 per hour to be a reasonable figure for paralegal services in this market. Montgomery, 2008 WL 3540374, at *14 ("A reasonable rate for a paralegal in the central Florida market is between $75.00 and $95.00."); see also Celaya v. Stickle, No. 6:08-cv-1930-Orl-18GJK., 2009 WL 1513258, at *4-5 (M.D. Fla. May 27, 2009) ($95.00 per hour in Fair Labor Standards Act case). In light of the foregoing, it is the Court's finding that the applicable hourly rates are as follows:

| **Plaintiff's Counsel** | **Hourly Rate** |
| --- | --- |
| Attorney Services | $200 |
| Paralegal Services | $95 |

-11-

### ii. Number of Hours Expended

The next step in determining the lodestar is calculating the reasonable number of hours expended on this case. See Norman, 836 F.2d at 1299. Reasonable hours are those that would be reasonable to bill to a client and that are not "excessive, redundant or otherwise unnecessary." See id. at 1301 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939-40 (1983)). Further, a court should deduct time spent on "discrete and unsuccessful claims." Norman, 836 F.2d at 1302. Where parties oppose an award of fees and suggest exclusion of unreasonable or unnecessary work, such "objections and proof" should be "reasonably precise" and properly supported. See id. In addition, when examining whether hours are reasonable, a court may use its discretion to reduce the award for hours spent excessively or unnecessarily. See id.

While Plaintiff's Motion and supporting affidavit fail to assert the total number of hours believed to be reasonably expended in this case, see Motion at 1-5; Kiverts Dec. at 1-3, the billing record attached to the Motion indicates that, collectively, Plaintiff's counsel billed a total of 14.3 hours on this case, which includes 2.1 hours by Adam Krohn, 0.4 hours by Scott Cohen, 6.8 hours by Ryan Lee, 1.3 hours by Adam Hill, and 3.7 paralegal hours, see Hours at 1-3. Upon the Court's independent review, the hours billed by Plaintiff's counsel appear to have been reasonably expended.

Based on the foregoing, the Court finds the following hours and award reasonable:

| Person | Hours Sought | Reasonable Hours | Rate Sought | Reasonable Rate | Total |
|---|---|---|---|---|---|
| Adam Krohn | 2.1 | 2.1 | $394.00 | $200.00 | $420.00 |
| Scott Cohen | 0.4 | 0.4 | $394.00 | $200.00 | $80.00 |

| Ryan Lee | 6.8 | 6.8 | $290.00 | $200.00 | $1,360.00 |
| Adam Hill | 1.3 | 1.3 | $225.00 | $200.00 | $260.00 |
| Paralegal | 3.7 | 3.7 | $125.00 | $95.00 | $351.50 |
| **TOTAL** | | | | | **$2,471.50** |

### iii. Multiplier

A court may adjust the lodestar in light of the results obtained. See Norman, 836 F.2d at 1302. If a party obtains limited success, the lodestar should be adjusted downward, but if a party obtains exceptional results, the lodestar may be enhanced. See id. Here, neither party has argued for an upward or downward adjustment. Moreover, the Court's independent review of the record reveals nothing evidencing exceptional or limited results that would justify such adjustment. Thus, the Court will not adjust the lodestar.

## IV. Conclusion

Based on the foregoing, the Court will award Plaintiff the following:

| | |
|---|---|
| Statutory Damages | $1,000.00 |
| Attorney's Fees | $2,471.50 |
| Costs | $350.00 |
| **TOTAL** | **$3,821.50** |

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion for Entry of Default Judgment (Doc. No. 11; Motion) is **GRANTED, in part**, and **DENIED, in part**, as follows:

    a. The Motion is **GRANTED**, to the extent that Plaintiff is awarded damages in the amount of $3,821.50, consisting of $1,000.00 in statutory damages, $2,471.50 in attorney's fees, and $350.00 in costs.

  b. The Motion is otherwise **DENIED**.

 2. The Clerk of the Court is directed to enter judgment in favor of Plaintiff and against Defendant in accordance with this order.

 3. The Clerk of the Court is further directed to terminate all pending motions and close this file.

 **DONE AND ORDERED** in Jacksonville, Florida, this 26th day of February, 2010.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc8

Copies to:
Counsel of Record